

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY MITCHELL; MICHAEL MITCHELL; LINDA MITCHELL, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> JOSEPH CHRONISTER, Captain; MICHAEL WALLER, Sergeant; TRAVIS SNYDER, Officer; DREW ALBERS, Officer; DAVID CAWTHORN, Officer; ERIC ROCKWELL, Officer, <br><br> Defendants-Appellants. | No.   17-16552 <br><br> D.C. No. 2:13-cv-01154-APG-CWH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted September 12, 2018
San Francisco, California

Before:  BERZON, RAWLINSON, and WATFORD, Circuit Judges.

Defendants-Appellants Joseph Chronister, Michael Waller, Travis Snyder,

Drew Albers, David Cawthorn, and Eric Rockwell (collectively, NLV Officers)

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

bring this interlocutory appeal, challenging the district court's denial of their request for qualified immunity in an action filed pursuant to 42 U.S.C. § 1983. Specifically, the NLV Officers contend that the court erroneously found disputed issues of fact, and therefore, improperly denied the NLV Officers' request for qualified immunity for Plaintiff-Appellee Anthony Mitchell's unlawful search, unlawful arrest, and excessive force claims.

Although "we normally have no jurisdiction to hear interlocutory appeals from the denial of summary judgment," we do have jurisdiction to "review a denial of qualified immunity where a defendant argues that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944-45 (9th Cir. 2017) (citation and alteration omitted). Our jurisdiction, however, "does not extend to all denials of qualified immunity on summary judgment." *Id.* at 945. Where, as here, the defendants challenge the district court's conclusion that the evidence presented a genuine issue of material fact, rather than whether the plaintiff's alleged facts taken in the most favorable light to the plaintiff demonstrate a violation of clearly established law, we lack jurisdiction to consider the argument. *See George v. Morris*, 736 F.3d 829, 834-36 (9th Cir. 2013), *as amended*.

2

**APPEAL DISMISSED.**